## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

[1] CAMRON McALLISTER,                )
                               )
        Plaintiff,               )
                               )
v.                               )    CASE NO. CIV-15-371-C
                               )
[1] TRAVIS W. WATKINS, and [2] TRAVIS W.  )
WATKINS, P.C.,               )
                               )
        Defendants.            )

## C O M P L A I N T

1.     Plaintiff Camron McAllister is a citizen of the State of Nebraska.

2.     National Sales, L.L.C., is a Delaware limited liability company which has been cancelled.  As a cancelled entity, National Sales, L.L.C., has no domicile nor headquarters.  Any assets or claims formerly belonging to National Sales, L.L.C., now belong to Camron McAllister, who was the sole member of National Sales, L.L.C.

3.     Defendant Travis W. Watkins is a citizen of the State of Oklahoma.

4.     Defendant Travis W. Watkins, P.C., is an Oklahoma Professional Corporation, with headquarters within the State of Oklahoma.

5.     The actions which are the subject of the Complaint occurred primarily within the Western District of Oklahoma.  Venue is proper pursuant to U.S.C. 28 § 1391(b)(1) and (2).

6.     This Court has jurisdiction pursuant to U.S.C. 28 § 1332, as the matter in

controversy exceeds the sum of $75,000.00 and is between citizens of different

states.

7.    Camron McAllister and National Sales, L.L.C., jointly entered a written

"Engagement Agreement" under which Camron McAllister and National Sales,

L.L.C., were clients who hired Travis W. Watkins and Travis Watkins, P.C., to

represent them in a tax dispute with the Internal Revenue Service.

8.    Plaintiff paid Defendants $50,000 in advance when the contract was signed.

9.    When Plaintiff hired Defendants during August, 2012, the Internal Revenue

Service claimed that Plaintiff owed approximately $1,000,000.

10.   Through the neglect of Defendants, the debt increased to approximately

$9,500,000.

11.   The Internal Revenue Service tax lien continues to remain in effect as a result of

the breach of contract and breach of duty of Defendants.

12.   The Internal Revenue Service tax lien has prevented and will continue to prevent

the Plaintiff from being able to engage in business ventures for reasons which

include, but are not limited to, preventing banks from lending money to the

Plaintiff.

13.   Defendants did not perform the work required by the written contract nor did they

perform the contract in a workmanlike, let alone professional, manner.

14.   Defendants did not earn the $50,000 cash advance.

15. Plaintiff demanded repayment of the cash advance. Defendants refused to repay the cash advance, thereby injuring Plaintiff.

16. Further, Defendants did not provide legal representation in accordance with the standards of the legal profession. Defendants were negligent in the performance of their duties. Said negligence harmed the Plaintiff by delay and by increasing the injury to the Plaintiff.

17. Defendants' actions with regard to Plaintiff's representation were intentional, wilful, and reckless; and warrant the imposition of punitive damages upon Defendants.

18. Plaintiff files this action prior to the resolution of the underlying case and within two years of learning of the injury, its cause, and the wrongdoing of the Defendants.

19. Plaintiff also files this action within five years of entry of the written contract with Defendants.

20. Plaintiff is entitled to recover:

    a.    The advance payment of attorneys' fees to Defendants;

    b.    Additional payments made to subsequent providers for representation in the dispute with the Internal Revenue Service;

    c.    Losses from the sale of Plaintiff's business caused by the Defendants;

    d.    Lost income and lost earning capacity due to inability to participate in a

new business caused by the Defendants;

e.      Other damages to place the Plaintiff in a position as good as that existing

prior to the breaches of contract and breaches of legal duty by the

Defendants;

f.      Punitive damages;

g.      Interest, litigation expenses, and legal fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants for damages in

excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000.00), for

costs, and for all such further relief as the Court deems just and equitable.

Respectfully submitted,

**NORMAN & EDEM, P.L.L.C.**

By:  /s/ L. Mark Bonner
         Emmanuel E. Edem, OBA #2614
         L. Mark Bonner, OBA #14541
         127 N.W. 10th St.
         Oklahoma City, OK 73103
         405-272-0200
         405-272-1055 (fax)
          eee@nemw.com
          lmb@nemw.com
          Attorneys for Plaintiff

Attorneys Lien Claimed

Jury Trial Demanded