IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMRON McALLISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-15-371-C |
| | ) |
| TRAVIS W. WATKINS, and | ) |
| TRAVIS W. WATKINS, P.C., | ) |
| | ) |
| Defendants. | ) |

## **AMENDED MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Travis W. Watkins' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 19) and Defendant Travis W. Watkins, P.C.'s Motion to Dismiss (Dkt. No. 9). Plaintiff filed Responses (Dkt. Nos. 15 & 26), and Defendants have replied (Dkt. Nos. 17 & 28). The Motions are at issue.

### I. BACKGROUND

Plaintiff Camron McAllister was the sole member of National Sales, L.L.C., a canceled limited liability company. Defendant Travis W. Watkins is an attorney and the owner of Defendant Travis W. Watkins, P.C. ("Watkins, P.C."). In or around August 2012, Plaintiff hired Defendants to perform legal services on tax-related matters. At that time, the Parties entered into an Engagement Agreement. On April 7, 2015, Plaintiff filed the original Complaint (Dkt. No. 1) against Defendants, alleging breach of contract and professional negligence. Plaintiff filed the Amended Complaint (Dkt. No. 13) after Defendants each filed a Motion to Dismiss (Dkt. Nos. 8 & 9). Because Watkins has filed a Motion to Dismiss Plaintiff's Amended Complaint, Watkins' original Motion to Dismiss (Dkt. No. 8) is moot.

The Court will construe Watkins, P.C.'s Motion to Dismiss (Dkt. No. 9) as a motion to dismiss the amended complaint. Defendants argue for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Watkins argues Plaintiff's claims must fail because Watkins is not a party to, and is not personally bound to, the Engagement Agreement. Watkins, P.C. argues that Plaintiff has improperly fused tort and contract remedies and that Plaintiff cannot recover punitive damages for breach of contract. Both Defendants assert that Plaintiff cannot establish a claim of legal negligence and that Plaintiff caused his own injuries.

## II. STANDARD OF REVIEW

The Supreme Court has made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (internal citations omitted). At the dismissal stage, the Court will accept all of Plaintiff's well-pleaded factual allegations as true and view them in the light most favorable to Plaintiff. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). However, "conclusory allegations that lack 'supporting factual averments are insufficient to state . . . claim[s] on which relief can be based.'" In re Marsden, 99 F. App'x

2

862, 866 (10th Cir. 2004) (quoting Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991)).

III. LEGAL ANALYSIS

A. Breach of Contract

Watkins asserts that he signed the Engagement Agreement solely as a representative of Watkins, P.C., is not a party to the contract, and consequently cannot be held liable for any breach of the contract. Watkins argues the language in the first paragraph and in the signature line of the Engagement Agreement support this assertion. Watkins also asserts that the actions complained of exceed the scope of representation provided under the terms of the contract. However, viewing the language of the Engagement Agreement and making determinations on its meaning and scope would exceed the Court's authority at the dismissal stage. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). To establish a breach of contract claim, Plaintiff must prove: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." Dig. Design Grp., Inc. v. Info. Builders, Inc., 2001 OK 21, ¶ 33, 24 P.3d 834, 843. In the Amended Complaint[1], Plaintiff alleges that he and National Sales, through the

---

[1] Plaintiff's Amended Complaint (Dkt. No. 13) uses headings to clearly designate both a breach of contract claim and a professional negligence claim. Each headed section contains additional allegations specific to the claim asserted. These changes have rendered moot Watkins, P.C.'s argument that Plaintiff has improperly fused tort and contract remedies.

3

Engagement Agreement, hired both Defendants to represent Plaintiff and National Sales in a tax dispute with the Internal Revenue Service ("IRS"). Plaintiff further alleges that Watkins was the signator and the only provider of legal services actually named in the contract; that Watkins, P.C. is liable as Watkins' employer; that Plaintiff paid a $50,000 fee but Defendants failed to perform the work required by the contract; and that Defendants' actions harmed Plaintiff by increasing the amount of debt owed to the IRS and causing the continuation of an IRS lien. Viewing these allegations as true and in a light most favorable to Plaintiff, the Court finds Plaintiff has sufficiently pleaded a claim of breach of contract against both Defendants.

B. Professional Negligence

To establish a claim of professional negligence against an attorney, Plaintiff must prove the following:

> (1) the existence of an attorney-client relationship; (2) breach of a lawyer's duty to the client; (3) facts constituting the alleged negligence; (4) a causal nexus between the lawyer's negligence and the resulting injury (or damage); and (5) but for the lawyer's conduct, the client would have succeeded in the action.

Manley v. Brown, 1999 OK 79, ¶8, 989 P.2d 448, 452 (emphasis omitted). Watkins asserts that Plaintiff "has failed to plausibly establish" that Watkins owed Plaintiff any legal duty because Watkins was not a party to the contract and did not agree to provide services to Plaintiff. (Def.'s Watkins Br., Dkt. No. 19, at 8.) Both Defendants assert that Plaintiff, and not the Defendants, caused the alleged injuries. These arguments require factual determinations that exceed the Court's authority at the dismissal stage. Miller, 948 F.2d at

4

1565. As discussed above, the Court's function at this stage is to assess whether Plaintiff's allegations, accepted as true, state a plausible claim for relief. Plaintiff alleges the following: that Defendants and Plaintiff maintained an attorney-client relationship; that Defendants provided legal advice to Plaintiff and promised to take action on behalf of Plaintiff; that Defendants breached their duties to provide Plaintiff with competent and diligent representation by abandoning a valid liability defense; that the resulting injuries, including the increase in Plaintiff's debt owed to the IRS, were foreseeable; and that but for Defendants' conduct that debt would have been entirely or substantially reduced. These allegations are sufficient to state a claim of professional negligence against both Defendants.

C. Punitive Damages

Watkins, P.C. asserts that Plaintiff's claim for punitive damages must be dismissed because punitive damages cannot be recovered for breach of contract. Watkins, P.C.'s argument is procedurally improper under Fed. R. Civ. P. 12(b)(6). See SAB One, Inc. v. Travelers Indem. Co. of Conn., No. CIV-14-1085-D, 2014 WL 6901741, at *2 (W.D. Okla. Dec. 5, 2014) (unpublished order) ("A Rule 12(b)(6) motion tests the sufficiency of a claim rather than a prayer for relief.") However, the Court will construe Watkins, P.C.'s motion as a motion to strike immaterial matter from the pleading under Fed. R. Civ. P. 12(f). Watkins, P.C. is correct that "[g]enerally, Oklahoma law prohibits the award of punitive damages in a contract action." Zenith Drilling Corp. v. Internorth, Inc., 869 F.2d 560, 565 (10th Cir. 1989). However, Plaintiff has sufficiently pleaded a professional negligence claim and, if successful, may recover punitive damages under that tort claim. See Okla. Stat. tit.

5

23, § 9.1 ("In an action for the breach of an obligation not arising from contract, the jury, in addition to actual damages, may . . . award punitive damages.") Thus, punitive damages are available in this case only if Plaintiff prevails on the professional negligence claim, and Plaintiff's request for punitive damages should not be stricken from the Amended Complaint.

D. Personal Liability of Watkins

Watkins argues that he cannot be held liable for the actions of Watkins, P.C. because officers and employees of a corporation generally are not liable to third persons for acts of the corporation. Even assuming *arguendo* that Watkins is not party to the Engagement Agreement, Watkins' argument is without merit. Watkins relies on Am. Nat'l Bank & Trust Co. of Shawnee v. Clark & Van Wagner, Inc., 1984 OK CIV APP 37, 692 P.2d 61. However, the Oklahoma Court of Civil Appeals in that case rejected an argument that the professional corporation shielded the individual attorneys from liability to repay an excessive fee. Id. at ¶¶ 25-35, 692 P.2d at 66-68. The Oklahoma Court of Civil Appeals held "the professional corporation was never intended as a shield to protect individual attorneys from liability for their actions." Id. at ¶29, 692 P.2d at 67; see also Okla. Stat. tit. 18, § 812 (stating that Oklahoma's Professional Entity Act "does not alter any law applicable to the relationship between a person rendering professional services and a person receiving such services, including liability arising out of such professional services"). Plaintiff has sufficiently pleaded claims of breach of contract and professional negligence against Watkins, and the existence of the professional corporation does not automatically shield Watkins from potential liability under those claims.

## IV. CONCLUSION

Accordingly, Defendant Travis W. Watkins' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 19) is DENIED. Defendant Travis W. Watkins, P.C.'s Motion to Dismiss (Dkt. No. 9) is DENIED. Defendant Travis W. Watkins' Motion to Dismiss (Dkt. No. 8) is MOOT.

IT IS SO ORDERED this 15th day of July, 2015.

*[Signature]*
ROBIN J. CAUTHRON
United States District Judge