# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) CAMRON McALLISTER,<br><br>                                    Plaintiff,<br><br>v.<br><br>1) TRAVIS W. WATKINS; and<br>2) TRAVIS W. WATKINS, P.C.,<br><br>                                    Defendants. | Case No: CIV-15-371-C<br><br><br><br><br>*Honorable Robin Cauthron* |

## DEFENDANTS' REPLY TO "PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT"

On September 1, 2016, Travis W. Watkins ("T. Watkins") and Travis W. Watkins, P.C. ("Firm") (collectively "Watkins") filed a Motion under Fed.R.Civ.P. 56, seeking judgment on Plaintiff's claims [Dkt. No. 89; "Defendants' Motion"]. Plaintiff's response, was filed, with leave of Court, on October 2, 2016 [Dkt. No. 107; "Plaintiff's Response".] Pursuant to LCvR 7.1(i) and Fed.R.Civ.P. 6(a)(1)(B and C), this Reply is timely filed.

### I.     REPLY – STATEMENT OF UNDISPUTED MATERIAL FACTS:

Plaintiff admitted Watkins' Undisputed Material Fact ("UMF") Nos. 2-8, 10-11, 16, 18, 21, 26-27 and 33-38. Plaintiff did not mention or otherwise respond to UMF Nos. 39-46 and 48-51. Pursuant to Fed.R.Civ.P. 56(e)(2), the Court should consider both the facts expressly admitted as well as the ones Plaintiff did not mention to be "undisputed for purposes" of Watkins' Motion.

Plaintiff attempted to dispute UMF Nos. 1, 9, 12-15, 17, 19-20, 22-25, 28-32, 47 and 52. Watkins will address Plaintiff's responses to those twenty (20) facts, below.

UMF No. 1:  Paragraph 6 of Plaintiff's affidavit does not address the allegations in Watkins' UMF No. 1 (total taxes, interest and penalties owed).  Therefore, Plaintiff has not offered admissible evidence to demonstrate the existence of a dispute of material fact and UMF No. 1 should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).

UMF No. 9:  The Engagement Agreement establishes the boundaries of the Firm's representation of Plaintiff – "tax type 1040/6672? for the periods 2009-11".  (Doc. No. 89-5, p. 1.)  The material appended to the Engagement Agreement (Doc. No. 89-5, p. 6) does not expand those boundaries but simply provides a description of Plaintiff's ability to contact T. Watkins; identifies some of tasks to be accomplished (tax return preparation, etc.).  Accordingly, UMF No. 9 should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).

UMF Nos. 12-14:  Plaintiff's conclusory statements do not dispute the fact that Plaintiff did not make his October 13, 2012 payment when due; that Watkins terminated the attorney-client relationship based on Plaintiff's failure to make the installment payment when due; or that the relationship was reinstated, months later, when Plaintiff's mother paid, on his behalf 75% of the remaining fee owed.  Accordingly, UMF Nos. 12-14 should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).

UMF Nos. 15 and 17:  Plaintiff's responses do not address his failure to provide Watkins with information necessary to support the Collection Due Process requests, which documentation was needed for the rescheduled March 4, 2013 hearing.  Instead, Plaintiff's responses focuses on information necessary to support a document that wouldn't be created for another month (the DATL OIC discussed in UMF No. 18).  Accordingly, UMF Nos. 15 and 17 should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).

2

UMF Nos. 19 and 20:  Plaintiff's general denial does not address the actions of the IRS Agent outlined by Watkins.  Since Plaintiff has not demonstrated that Watkins misrepresented the IRS Agent's demand for documentation, UMF Nos. 19 and 20 should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).  Moreover, as opined by Mr. Mish [Dkt. No. 89-7, p. 1], the IRS Manual provides that a "DATL-OIC examination should be conducted in a manner similar to an audit reconsideration examination[]."  IRS Manual, § 4.18.2.4 (https://www.irs.gov/irm/part4/irm_04-018-002.html#d0e55).

UMF No. 22:  In response to UMF No. 22, Plaintiff suggests a different attorney might have pursued a different strategy.  That position does nothing to dispute the facts set forth in UMF No. 22 which describe the strategy Watkins undertook and why.  Accordingly, UMF No. 22 should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).

UMF Nos. 23-25:  Plaintiff's Response does not address the factual matters relating to the preparation of the DATC OIC.  Rather, Plaintiff asserts – without factual basis or citation to legal authority – legal conclusions relating to unrelated matters.  As Plaintiff is not qualified by education or experience to offer the opinion asserted in his affidavit, it should be disregarded.  Because, UMF Nos. 23-25 were not controverted by Plaintiff with admissible evidence, they should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).

UMF Nos. 28-29:  No matter when the withdrawal of the DATL OIC was submitted to or the withdrawal received by the IRS, the IRS recognized that the DATL OIC was withdrawn on July 8, 2014.  (Exhibit 1 – Account Transcript, p. 3.)  Similarly, no matter when the DATC OIC was mailed to or the paper received by the IRS, the IRS recognized recorded the receipt of the DATC OIC as August 25, 2014.  (Doc. No. 89-11, p. 3.)

UMF No. 30:  The matters set forth in Plaintiff's Response to UMF No. 30 are totally non-responsive.  Because, Watkins' UMF No. 30 was not addressed or controverted by Plaintiff, it should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).

UMF Nos. 31-32:  Plaintiff attempts to controvert UMF Nos. 31-32 by offering hearsay statements: "I was told by…".  Watkins objects to the Court's consideration of those statements because hearsay is inadmissible.  *See* Fed.R.Civ.P. 56(c)(2) and (e).  Accordingly, because UMF Nos. 31-32 are not controverted with admissible evidence, they should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).

UMF No. 47:  UMF No. 47 demonstrated the strategy Plaintiff complains of herein was duplicated by his current representative, thus disproving his claim of professional negligenct.  (Compare Dkt. No. 89-9 with Dkt. No. 89-18.)  The matters set forth in Plaintiff's Response to UMF No. 47 are totally non-responsive.  Because, Watkins' UMF No. 47 was not controverted, it should be deemed admitted.  Fed.R.Civ.P. 56(e)(2).

UMF No. 52:  The undersigned's contact with the IRS was authorized by the Court as a result of Plaintiff's failure to cooperate in discovery.  [Dkt. No. 46.]  If the Fax Cover Sheet is taken at face value, the settlement process was suspended 2 months ago because Plaintiff failed to explain to the IRS officer[1] why such contact had become necessary.

## II.    UNTIMELY SUBMISSION OF DOCUMENTS.

[1] The fax cover sheet was not sent to Watkins' counsel, but to Plaintiff's representative. [Dkt. No. 107-4.]  The IRS has never asked Watkins' counsel to explain why he submitted the Form 8821.  Moreover, it appears that Plaintiff has not, during the intervening two (2) months, explained that he was ordered to provide the undersigned with the Form 8821.

4

Instead of attaching documents ("bank statements, income, statements and other financial data"[2]) to his Response, Plaintiff asserted that those documents are available to "the Court upon its request" for review. [*See* Dkt. No. 113, p.1.] Because the documents were not timely filed[3] and were not attached to, referenced in or discussed in the Response, Watkins' objects, pursuant to Fed.R.CivP. 56(c)(3), to the Court's consideration thereof.[4]

## III.   ARGUMENTS AND AUTHORITIES.

In Defendants' Motion, Watkins demonstrated through citation to legal authorities and reference to the fifty-two (52) Undisputed Material Facts that judgment should be entered in their favor. Plaintiff offered very little by way of argument in opposition to the Motion. The majority of Plaintiff's Response was devoted to a general discussion of the standard necessary for granting summary judgment or, from Plaintiff's perspective, denying Watkins' Motion. [*See* Dkt. No. 107, pp. 8-9.] Watkins does not dispute

---

[2] Despite the contrary assertion herein, Plaintiff's counsel recently confirmed that Plaintiff does not have any documents to support his claim. Rather, it appears that the documents he intended the Court to review are ones produced to him by Watkins' counsel. (*See* Exhibit 2 – Email from Raphael Glapion (October 6, 2016).) Despite requests from the undersigned, Plaintiff has not complied with the Court's Order to provide Watkins with a copy of the documents. (*See* Exhibit 3 – Email from Mike Brewer (October 10, 2016).)

[3] Plaintiff's response to Watkins' Motion was due two (2) days after the Court's September 30, 2016 Memorandum Opinion and Order. [*See* Dkt. No. 105, p. 6.] Plaintiff Response was filed on October 2, 2016. [Dkt. No. 107.] Plaintiff did not submit the documents for *another* 4 days [Dkt. No. 115; filed October 6, 2016] – well after the 2-day deadline.

[4] Watkins acknowledges that the Court notified Plaintiff that the "voluminous documents" will not be considered unless the documents have been "made part of the record, and served on opposing counsel." Accordingly, Watkins' objection to the documents is that they were not timely filed with Plaintiff's Response, never produced to Watkins' counsel (supra, n. 3) or, most importantly, referenced or discussed in Plaintiff's Response. *See Mitchell v. Grady County Crim. Justice Auth.*, No. CIV-10-1121-C, 2012 U.S. Dist. LEXIS 77093, 24, 2012 WL 1999481 (W.D. Okla. June 4, 2012) (*citing Hauff v. Petterson*, 755 F. Supp. 2d 1138, 1150 (D.N.M. 2010) ('Nor is it the court's function to 'scour the record in search of evidence to defeat a motion for summary judgment.'")).

Plaintiff's general statements of law.  However, Watkins notes that, as in this case, a defendant may obtain judgment by demonstrating Plaintiff's lack of proof on one or more elements of his claims.  *See Suture Express, Inc. v. Owens & Minor Distrib., Inc.*, No. 12-2760-DDC-KGS, 2016 U.S. Dist. LEXIS 47421, *44 (D. Kan. April 7, 2016).

To the extent Plaintiff offered any specific response to the arguments presented in Watkins' Motion, they are addressed, below.

A.   Plaintiff Lacks Necessary Expert Testimony:

At the time Watkins filed the dispositive motion, Plaintiff had not filed his lay witness list, expert witness list or his exhibit list.  [DKt. No. 89, pp. 13-16.]  Subsequently, however, the Court granted Plaintiff an enlargement of time within which to file those documents and, on Sunday, October 2, 2016, each of those lists were filed.  [Dkt. Nos. 108-110.]  Accordingly, the portion of Watkins' Motion premised on Plaintiff's failure to meet the deadlines set in the Scheduling Order is moot.

However, Watkins' discussion of the *Worsham v. Nix* case with respect to the necessity of expert witness testimony [Dkt. No. 89, pp. 13-15] remains pertinent.  In the Motion, Watkins argued that in order to prevail on a professional malpractice claim, Oklahoma law requires Plaintiff to offer expert testimony "on the 'cause in fact' prong of the proximate cause element" of his claim.  [Dkt. No. 89, p. 14, *citing Worsham v. Nix*, 2006, OK 67, ¶ 31, 145 P.3d 1055, 1065, 2006 Okla. LEXIS 69.]  Plaintiff did not respond

to this argument with any specificity.  However, Plaintiff did re-submit, for the Court's review, Craig Pitts' April 25, 2016, Letter to Stan Ward [Dkt. No. 107-2].[5]

Although Mr. Pitts criticizes Watkins' representation of Plaintiff in several aspects[6], Mr. Pitts' letter does nothing to satisfy *Worsham's* requirement that there be expert testimony demonstrating the alleged professional deficiencies were a cause in fact of Plaintiff's damage.  Instead, the letter abruptly ends with criticisms of matters of strategy and opinion.  It does not discuss any damages incurred by Plaintiff or offer expert opinion that the criticisms resulted in damage to Plaintiff.  Accordingly, Plaintiff has failed to satisfy *Worsham's* requirement that expert testimony be presented "on the 'cause in fact' prong of the proximate cause element" of his claim.  (*Worsham*, 2006, OK 67, ¶ 31.)  As such, Watkins is entitled to entry of judgment on Plaintiff's professional negligence claim.

---

[5] Mr. Pitts' name arose most recently when Plaintiff sought to file his expert witness list out of time.  [Dkt. No. 101-3.]  Watkins demonstrated, in the objection to the motion to designate experts out-of-time, that Mr. Pitts' letter to Mr. Ward failed to satisfy the requirements of Fed.R.Civ.P. 26(a)(2)(B) as that Rule requires a full recitation of the expert's opinions and the facts upon which the opinions are based; identification of exhibits to be utilized by the experts; the experts' qualifications; a list of other cases in which the experts have testified; and a statement of the experts' compensation.  [Dkt. No. 102, p. 3, n. 1 and Exhibit 1 thereto.]  Instead of correcting the deficiencies specifically outlined for him, Plaintiff simply re-filed the deficient letter.  [Dkt. No. 107-2.]  (It appears that the April 25, 2016 letter was designed to satisfy the requirements of Okla. Stat. tit. 12, § 19.1 rather than Fed.R.Civ.P 26.)  Watkins is separately preparing a motion to strike Mr. Pitts (and Plaintiff's other experts) because Plaintiff re-filed the deficient April 25, 2016 letter and did not obtain a Report that satisfies the requirements of Fed.R.Civ.P. 26(a)(2)(B).

[6] Mr. Pitts' letter fails to identify the documents his opinions are based on.  [Dkt. No. 107-2.]  However, some of the statements in the letter suggest Mr. Pitts simply received a "summary" from Plaintiff or former Third-Party Defendant Alexander and did not actually review all pertinent documents.  This conclusion is supported by the fact that Mr. Pitts produced no substantive documents in response to Watkins' subpoena.  [Dkt. No. 69.]  Mr. Pitts' deposition has been noticed for October 26, 2016.  (*See* Exhibit 4 – Letter to Plaintiff's counsel with Notice and Subpoena.)  Following the preparation of the transcript, Watkins may seek leave to supplement this argument with Pitts' testimony.

B.     *Plaintiff Unilaterally Terminated Watkins' Representation*.

In the Motion, Watkins argued that Plaintiff unilaterally terminated Watkins representation.  [Dkt. No. 89, UMF No. 42.]  Watkins also demonstrated he "remained willing and able to continue the tasks contemplated by the Engagement Agreement at no additional charge to Plaintiff."  [Dkt. No. 89, UMF No. 43.]  Finally, Watkins demonstrated that, at the time of Plaintiff's termination, "the process to seek a reduction in the amount of taxes owed by Plaintiff to the IRS was still viable."  [Dkt. No. 89, UMF No. 44.]  Plaintiff concedes the truthfulness of each of these three facts by not responding to them.  [Dkt. No. 107, p. 7; and discussion, *supra*, p. 1.]

As demonstrated in the Motion, Watkins is entitled to judgment on both of Plaintiff's claims because it was Plaintiff's unilateral act of terminating the professional relationship that prevented Watkins from completing the tasks for which he was hired.  [Dkt. No. 89, pp. 20-21, 23 and 26-27.]  Accordingly, Watkins is entitled to the entry of judgment in his favor on all of Plaintiff's claims.

C.     *No Evidence That Plaintiff Would Have Succeeded*.

The final element of Plaintiff's professional negligence claim required Plaintiff to offer evidence, through the testimony of an expert witness, that absent the acts he complained of on the part of Watkins, he would have succeeded on the merits of his claims before the IRS.  *Worsham*, 2006 OK 67, ¶ 34, 145 P.3d at 1066-67.  In this case, that means Plaintiff was required to offer expert testimony that he would have succeeded in an audit reconsideration or otherwise have the IRS reverse its determination regarding the amount of taxes he owed.  [Dkt. No. 89, pp. 21-23.]

8

While Mr. Pitts opines that "[a]n audit reconsideration would have been a quicker and easier way to resolve the tax issues," he fails to offer any opinion (and facts supporting the opinion) that Plaintiff's taxes were actually improperly calculated by the IRS in the initial proceeding and could have been "corrected" via an audit reconsideration. [*See* Dkt. No. 107-2.]  As noted in Watkins' Motion, the amount of taxes assessed against Plaintiff was set in early 2012 and, during that proceeding, Plaintiff was represented by a different lawyer and a C.P.A.  [Dkt. No. 89, p. 3, UMF Nos. 1 and 3.]  Absent expert testimony that demonstrates a different result would have been achieved, Watkins respectfully requests the Court find Plaintiff has failed to demonstrate a question of material fact exists as to the last element of his professional negligence claim.

D.     *No Contract with T. Watkins.*

T. Watkins argued he could not be liable for a breach of contract because he was not a party to the Engagement Agreement.  [Dkt. No. 89, pp. 24-25.]  As discussed above, Plaintiff conceded the facts (UMF Nos. 8-9) upon which this argument was based. Accordingly, T. Watkins is entitled to judgment on the breach of contract claim.

E.     *No Breach by Watkins.*

Watkins attached the Engagement Agreement to the Motion.  [Dkt. No. 89-5.] Watkins specifically outlined the tasks required by the Agreement and offered evidence that each was performed.  [Dkt. No. 89; UMF Nos. 11-40.]  Plaintiff offered no evidence that the tasks required by the Agreement were not performed.  (See Discussion, *supra*, pp. 1-4.)  Moreover, Plaintiff offered the Court no argument on this issue.  At best, Plaintiff urges the Court to find Watkins breached the Agreement because a reduction in the amount

of his tax debt was not realized prior to the time he unilaterally terminated the representation. [Dkt. No. 107, p. 10.] However, to the extent Plaintiff's breach of contract claim is premised on the failure to obtain a specific result, Watkins refers to the language of the Agreement, providing that Watkins would use "best efforts to find collection alternatives for" Plaintiff but that all efforts were subject to the fact that the "Internal Revenue Service decides all requests to the Internal Revenue Service for collection alternatives [and Watkins has] no control over [the IRS'] final decision." [Dkt. No. 89, pp. 4-5, ¶ 10; Dkt. No. 89-5, pp. 2, 3.] Accordingly, Watkins is entitled to judgment on Plaintiff's breach of contract claim as there has been no demonstration by Plaintiff that Watkins failed to perform any act called for by the Engagement Agreement.

F.   *Plaintiff Was Not Damaged*.

Finally, with respect to both of Plaintiff's claims, Watkins demonstrated that Plaintiff suffered no damages as a result of Watkins' professional strategies. [Dkt. No. 89, pp. 21 and 27-29.] As set forth above, the amount of Plaintiff's tax debt was established prior to the date on which Plaintiff retained the Firm. [Dkt. No. 89, p. 3, ¶ 1-4.] At best, Plaintiff argues that Watkins is liable to him because that number did not decrease during Watkins' representation. However, as set forth above, Watkins could not and did not promise a specific result. Moreover, all decisions on any "collection alternatives" were subject to approval and acceptance by the IRS. [Dkt. No. 89-5.]

Accordingly, as Plaintiff has failed to demonstrate he incurred any damage as a result of Watkin's representation of him, Watkins respectfully requests the Court grant judgment on Plaintiff's breach of contract and professional negligence claims.

Respectfully submitted,

/s/Michael W. Brewer
Michael W. Brewer, OBA #11769
Leslie L. Vincent, OBA #15124
Jeffrey D. Scott, OBA #32115
HILTGEN & BREWER, P.C.
9505 North Kelley Avenue
Oklahoma City, OK  73131
Telephone: (405) 605-9000
Facsimile: (405) 605-9010
E-mail:  mbrewer@hbokc.law
E-mail:  jscott@hbokc.law
Email: lvincent@hbokc.law

**ATTORNEYS FOR DEFENDANTS
TRAVIS W. WATKINS, P.C. AND TRAVIS
W. WATKINS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Raphael T. Glapion
701 NW 13th Street
Oklahoma City, OK 73103-2206
Telephone: (405) 521-8900
Facsimile: (405) 604-9054
Email: rtglapion@myoklahomacounsel.com
**ATTORNEY FOR PLAINTIFF**

/s/Michael W. Brewer
Michael W. Brewer

11