IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMRON McALLISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-15-371-C |
| | ) |
| TRAVIS W. WATKINS; and | ) |
| TRAVIS W. WATKINS, P.C., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff brought this case based on claims of professional negligence and breach of contract against Defendant personally and in his professional capacity as a tax attorney at Travis W. Watkins, P.C. ("Watkins," the "Firm," collectively, "Defendants"). Defendants filed a Motion for Summary Judgment and the Motion is now at issue.

The standard for summary judgment is well established. Summary judgment may only be granted if the evidence of record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(c). All facts and reasonable inferences therefrom are construed in the light

most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In the first issue offered for summary judgment, Defendants argue that Plaintiff's claims should be dismissed because he had not filed witness and exhibit lists at the time the Motion was filed. This argument is now moot pursuant to the Court's Order allowing Plaintiff additional time to file these documents. (Dkt. No. 105).

## Professional Negligence

Defendants argue that Plaintiff's claim for professional negligence should be decided as a matter of law because Defendants did not breach a duty owed to Plaintiff. To be successful with his professional negligence claim, Plaintiff must prove "(1) the existence of an attorney-client relationship, (2) breach of [Defendants'] duty to the client, (3) facts constituting the alleged negligence, (4 a causal nexus between [Defendants'] negligence and the resulting injury (or damage) and (5) but for [Defendants'] conduct, the client would have succeeded in the action." Manley v. Brown, 1999 OK 79, ¶ 8, 989 P.2d 448, 452 (emphasis omitted). The proximate cause or "but for" element of the claim "must be based on something more substantial than mere speculation and conjecture." Worsham v. Nix, 2006 OK 67, ¶ 32, 145 P.3d 1055, 1065-66.

The first element is undisputed. Next, Defendants must demonstrate an absence of material facts showing that Defendants breached a duty owed to Plaintiff. The question will be whether Defendants' actions while representing Plaintiff fell below common acceptable professional standards. As the Oklahoma Supreme Court has stated, a lawyer who acts in

good faith "is not answerable for a mere error of judgment when dealing with a point of law . . . about which reasonable doubt may be entertained by well-informed lawyers." Manley, 1999 OK 79, ¶ 9, 989 P.2d at 452. If the legal situation or law is "doubtful or debatable, a lawyer will not be held responsible for failing to anticipate how the uncertainty will ultimately be resolved." Id. (emphasis omitted). Both parties have put forth expert opinions regarding Defendants' actions taken to help resolve Plaintiff's IRS problems. Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has asserted facts that could convince the trier of fact that Defendants did breach a duty owed to Plaintiff. Thus, the second and third elements do not present undisputed material facts upon which summary judgment can be granted.

Next, the Court will consider whether Plaintiff has asserted facts showing a causal nexus between Defendants' conduct and Plaintiff's harm. The Complaint states that at the time of hiring, Plaintiff owed approximately $1,000,000 and "through the negligence of Defendants and breach of contract by Defendants, the debt increased to approximately $9,500,000" and that if Defendants had properly asserted arguments, the IRS would have withdrawn claims for taxes due, interest, and penalties. (Am. Compl., Dkt. No. 13, ¶ 9-10, 23.) There are not however, any more specific references to facts or the record that would allow the Court to find that Plaintiff has met his burden to show harm suffered. See Stevens v. Barnard, 512 F.2d 876, 878 (10th Cir. 1975) (stating that a party opposing a motion for summary judgment "may not rest upon the mere allegations of his pleadings, but must respond with specific facts showing the existence of a genuine issue for trial").

3

Plaintiff's Response to Undisputed, Material Fact ("UMF") No. 1 raises a dispute stating that the tax delinquency outstanding at the time Plaintiff retained Defendants' services was "$2,135.820.25" [sic]. (Resp., Dkt. No. 107, p. 3.) There are no facts or evidence provided to indicate that Plaintiff's debt has increased to the claimed $9.5 million, nor has Plaintiff shown that Defendants' actions have impacted the matter pending with the IRS. Defendants asserted in UMF No. 44 that the actions taken with the IRS left a viable option for Plaintiff to seek a reduction in the amount of taxes owed through another "Doubt as to Liability" submission. Plaintiff has failed to address the fact, only contesting whether the specific submission was appealable, so it is deemed undisputed. Fed. R. Civ. P. 56(e)(2).

The final element is that, but for Defendants' actions, Plaintiff would have succeeded in a favorable outcome with the IRS. Plaintiff has failed to show that an audit reconsideration request would have been successful or that the IRS would have reversed the tax determination made against him. Plaintiff's expert testimony does not make any determinations regarding the alternative outcomes with the IRS without Defendants' alleged professional negligence, only stating that Plaintiff was at a disadvantage by having outstanding tax returns and an audit reconsideration would have been a quicker resolution. At most, the opinions of Plaintiff's expert amount to mere speculations about the possibility of causation. See Worsham, 2006 OK 67, ¶ 32, 145 P.3d at 1065-66. Ultimately, Plaintiff has put forth no evidence that, but for Defendants' actions, Plaintiff would have succeeded.

In regard to two essential elements, Plaintiff has failed to present specific disputed facts indicating a genuine issue for trial. The Court will not comb the record for arguments

relating to Plaintiff's harm or whether a different outcome would have resulted if Defendants took the actions Plaintiff alleges they should have. As the Tenth Circuit has stated, "the district court . . . should not be cast in the role of stage director of the litigation drama–forced to prod the actors through rehearsals until the proper performance is achieved." Mitchell v. City of Moore, Okla., 218 F.3d 1190, 1199 (10th Cir. 2000). Thus, Plaintiff failed to meet his burden of presenting specific facts, referenced by specific exhibits, to overcome the Motion for Summary Judgment. Defendants are entitled to a favorable judgment as a matter of law as to the professional negligence claim.

## Breach of Contract

Defendants argue that the breach of contract claim should be decided as a matter of law. Plaintiff alleges that Defendants breached the Engagement Agreement (Dkt. No. 13-1) by failing to adequately represent Plaintiff and failing to do "anything and everything necessary to resolve your tax problems. No limits. No exclusions." (Amended Complaint, Dkt. No. 13, 38) (emphasis omitted). The elements of breach of contract are "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." Digital Design Grp., Inc. v. Info. Builders, Inc., 2001 OK 21, ¶ 33, 24 P.3d 834, 843. It is undisputed that Watkins was not a party to the Engagement Agreement in his personal capacity, and thus, Watkins is entitled to favorable judgment. The Court will examine the breach of contract claim against the Firm.

Formation of the contract between the Firm and Plaintiff is not disputed. The next element is whether the Firm breached the Engagement Agreement. The Court finds that

Plaintiff has put forth disputed, material facts regarding the scope of representation such that triers of fact could differ regarding whether the Firm fully performed its obligations.

The final element is damages. Even if the Court assumed the Firm did breach the Engagement Agreement, the claim must be decided as a matter of law because Plaintiff has failed to show damages as a direct result of the breach. See Rhodes v. Bethune, No. CIV-15-120-M, 2016 WL 4031243, at *3 (W.D. Okla. July 26, 2016) (finding that when plaintiff could not show that his underlying claims in a legal malpractice/professional negligence case would have prevailed, the plaintiff could not prove damages for a breach of contract claim). Plaintiff's Response to the Motion at issue is devoid of facts indicating the specific damages or harm suffered. Plaintiff does state the Defendants' decisions may not have been the best course of action and the slow preparation of documents placed Plaintiff at a disadvantage with the IRS, along with other procedural issues. However, the facts and evidence fall short of showing some cognizable harm, only stating that "Plaintiff has not settled his tax debt with the IRS through his new representatives." (Plaintiff's Resp., Dkt. No. 107, p. 7.)

It is clear that some amount of tax debt was outstanding at the time Plaintiff and Defendants began their attorney-client relationship and the debt would continue to grow whether or not Defendants took action. What is not clear, however, is how much the debt increased due to the delay allegedly caused by Defendants. This is similar to a case where Judge Heaton granted summary judgment on a breach of contract claim where plaintiffs introduced studies showing that being overcharged for health care could cause damages, but

no evidence was introduced showing that they actually suffered damages. <u>Woodrum v. Integris Health, Inc.</u>, No. CIV-05-1224-HE, 2007 WL 201045, at *2 (W.D. Okla. Jan. 24, 2007). Similarly, Plaintiff has shown problems with the IRS proceedings that could cause damages, but there is no evidence showing that damages have actually occurred.

While Plaintiff did conventionally file a multitude of financial information, the Court will not comb the record in an attempt to meet an essential element on Plaintiff's behalf. Without specific evidence of damages, the claim must fail and the Firm is entitled to judgment as a matter of law.

<u>CONCLUSION</u>

As set forth herein, the undisputed facts demonstrate Defendants are entitled to judgment as a matter of law. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 89) is GRANTED. A separate judgment will issue. All pending motions are STRICKEN.

IT IS SO ORDERED this 20th day of October, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge