IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CAMRON McALLISTER,           )
                             )
        Plaintiff,            )
                             )
vs.                          )   Case Number CIV-15-371-C
                             )
TRAVIS W. WATKINS; and       )
TRAVIS W. WATKINS, P.C.,     )
                             )
        Defendants.          )

MEMORANDUM OPINION AND ORDER

On October 20, 2016, the Court granted Defendants'/Third-Party Plaintiffs' motion for summary judgment (Dkt. No. 121), which resulted in judgment being entered in their favor the same day. Now before the Court is Defendants' Motion for Attorney Fees (Dkt. No 123). Plaintiff has responded and the Motion is now at issue.

Defendants' request for attorney fees is made pursuant to 12 Okla. Stat. § 936 which states that attorney fees may be recovered "[i]n any civil action to recover for labor or services rendered." Id. Oklahoma law follows the American Rule where each litigant bears the cost of legal representation and the courts are without authority to award attorney fees unless a specific statute or contract between the parties states otherwise. Kay v. Venezuelan Sun Oil Co., 1991 OK 16, 806 P.2d 648, 650. Therefore, any application of § 936 must be "strictly applied." Id. The Oklahoma Supreme Court has stated that to determine the applicability of § 936 "[t]he question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the

rendition of labor and services." Burrows Constr. Co. v. Indep. Sch. Dist. No. 2 of Stephens Cty., 1985 OK 57, 704 P.2d 1136, 1138.

Plaintiff argues § 936 should not apply because even though his two claims were for professional negligence and breach of contract, the case was not brought "to recover for labor or services rendered." Plaintiff argues the suit was not to recover damages from labor or services rendered because no services were ever provided. This argument must fail because in its Memorandum Opinion and Order granting Defendants' motion for summary judgment (Dkt. No. 121), the Court determined that formation of a contract between the parties was undisputed and the disputed evidence was whether Defendants' actions breached the contract. While Defendants' representation was less vigorous than Plaintiff desired, Plaintiff cannot claim the case was devoid of services rendered.

Defendants argue this case falls under the umbrella of § 936 because Plaintiff sought to be reimbursed for the professional fees he paid under the contract. While this is correct, the fees paid totaled $50,000, but the gravamen of the case was the increase in tax liability Plaintiff asserted was a result of Defendants' actions; this was allegedly an increase from $1,000,000 to $9,500,000. (Compl., Dkt. No. 1, p. 2.) The Oklahoma Supreme Court has stated the "provisions [of § 936] are inapposite if the suit be one for damages arising from the breach of an agreement that relates to labor and services." Holbert v. Echeverria, 1987 OK 99, 744 P.2d 960, 966 (superseded by statute on other grounds as stated in Lee v. Bueno, 2016 OK 97, ¶ 37, 381 P.3d 736, 749); accord Kay, 1991 OK 16, 806 P.2d at 651. The vast majority of the claimed damages in this case arose from the alleged breach of the

attorney-client agreement, falling squarely within the <u>Holbert</u> exclusion of § 936.  A strict application of § 936 requires that Defendants' Motion be denied.

<u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion for Attorney Fees (Dkt. No. 123) is DENIED.

IT IS SO ORDERED this 7th day of December, 2016.

ROBIN J. CAUTHRON
United States District Judge